UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO GAFFNEY, #614338,

        Plaintiff,

v.

FREDEANE ARTIS, et al.,

        Defendants.

_____/

Hon. Phillip J. Green

Case No. 1:22-cv-275

## OPINION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 16).   For the reasons articulated herein, Defendants' motion will be granted and this matter terminated.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Central Michigan Correctional Facility.   Plaintiff initiated this action against Fredeane Artis and Christopher King, the Warden and Deputy Warden, respectively, of the Brooks Correctional Facility.   In his complaint, (ECF No. 1), Plaintiff alleges the following.

On February 14, 2022, Plaintiff and every other member of his housing unit were tested for COVID-19.   More than 100 of the prisoners in Plaintiff's housing unit tested negative.   Plaintiff was among the group that tested negative, but "some" of the

-1-

inmates in the housing unit tested positive.   As a "chronic care prisoner with underlying health issues," Plaintiff requested that he "be separated from a confirmed [COVID-19] positive prisoner."   Defendants Artis and King denied Plaintiff's request. Plaintiff was subsequently forced to share a cell for "over 24 hours" with a COVID-positive prisoner.   On February 22, 2022, Plaintiff again tested negative for COVID.

Defendants later ordered that all Covid-positive prisoners be "housed on the exact same wing with Plaintiff."   These COVID-positive prisoners were not quarantined, but instead "allowed to roam free and intermix and intermingle with Plaintiff and other non-positive prisoners daily."   These COVID-positive prisoners "were allowed to use the exact same phones, kiosk machine, showers, restrooms, and microwaves as Plaintiff without being cleaned in-between each use."

Plaintiff alleges that "intentionally placing known confirmed COVID-19 positive prisoners in the cell and/or in close proximity to confirmed negative prisoners served no justifiable penological objective" and jeopardized his health and safety.   Plaintiff alleges that Defendants violated his rights under the Eighth Amendment.   Defendants Artis and King now move for summary judgment.   Plaintiff has failed to respond to Defendants' motion.   The Court finds that oral argument is unnecessary.   *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot

merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

### I. Standing

Article III, § 2 of the United States Constitution provides that the "judicial Power" of the United States extends only to "Cases" and "Controversies." Because the terms "case" and "controversy" conceivably encompass many matters more appropriately addressed by the executive or legislative branches of government, these terms have been interpreted as referring to those "cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998). One element of the case or controversy requirement is that plaintiffs must establish that they have standing to pursue a particular claim. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997).

To establish standing to litigate a particular matter, a plaintiff must satisfy three requirements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact," defined as "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." The plaintiff must next establish "a causal connection between the injury and the conduct complained of." In other words, the plaintiff's injury must be "fairly. . .trace[able] to the challenged action of the defendant, and not. . .th[e] result [of] the independent action of some third party not before the court." *Ibid.* The plaintiff must also establish a likelihood that his injury will be "redressed by a favorable decision." *Id.* at 561.

The standing requirement is not to be lightly disregarded. As the Supreme Court stated, "[w]e have always insisted on strict compliance with the jurisdictional standing requirement" because "federal courts may exercise power only 'in the last resort, and as a necessity.'" *Raines*, 521 U.S. at 819. Finally, Plaintiff bears the burden of establishing that she has standing to assert her claims in a federal forum. *See Lujan*, 504 U.S. at 561.

Plaintiff does not allege that he contracted COVID-19 only that he was exposed to COVID-19 which caused him to fear for his safety. It must also be noted that Plaintiff, who is no longer housed at the Brooks Correctional Facility, does not request any form of injunctive relief but instead requests only monetary damages. This is relevant because the standing analysis looks not only at the claim asserted but also the relief

-5-

sought.   *See, e.g., Waskul v. Washtenaw County Community Mental Health*, 900 F.3d 250, 253 (6th Cir. 2018) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)).   Simply put, Plaintiff's fear that he was exposed to COVID-19 or might have contracted COVID-19 is not a concrete injury which can be redressed by an award of damages.   *See, e.g., Balas v. Stanish*, 2021 WL 5500512 at *4 (M.D. Pa., Nov. 23, 2021) (inmate's fears of contracting COVID-19 from other inmates insufficient to confer standing); *Sledge v. Erie County Prison*, 2021 WL 5041141 at *4-5 (W.D. Pa., Oct. 29, 2021) (same).   Accordingly, Plaintiff's claims must be dismissed for lack of standing.

## II.   Waiver

As previously noted, Plaintiff has failed to respond to Defendants' motion.   While Plaintiff is representing himself, pro se litigants are "still required to follow the rules of civil procedure and easily-understood Court deadlines."   *Ciavone v. McKee*, 2009 WL 2959737 at *6 (W.D. Mich., Sept. 10, 2009).   Failure by a plaintiff to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed.   *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim").   Likewise, opposition to a motion for summary judgment is waived, and dismissal appropriate, where the plaintiff fails to respond thereto.   *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to

have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).   Accordingly, the Court finds, in the alternative, that because Plaintiff has waived opposition to Defendants' motion, Defendants are entitled to summary judgment.

## CONCLUSION

For the reasons articulated herein, Defendants' Motion for Summary Judgment (ECF No. 16) is **GRANTED** and this matter is terminated.   For the same reasons the undersigned grants Defendants' motion, the undersigned finds that an appeal of this matter by Plaintiff would not be in good faith.   A Judgment consistent with this Opinion will enter.

Date: April 3, 2023                     /s/ Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge